J-S04007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JASON SMITH | : | |
| Appellant | : | No. 1491 EDA 2021 |

Appeal from the PCRA Order Entered June 17, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-004803-2013

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MARCH 07, 2022**

Appellant, Jason Smith, appeals *pro se* from the order dismissing his untimely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm in part, vacate in part, and remand for further proceedings.

A detailed summary of the facts underlying Appellant's convictions are not germane to this appeal.  Briefly, on May 15, 2015, a jury convicted Appellant of first-degree murder, arson, risking catastrophe, abuse of a corpse, and possession of an instrument of crime.  That same day, the trial court imposed a mandatory minimum sentence of life imprisonment for first-degree murder, and consecutive sentences of 10-20 years' incarceration for

_____

[*] Former Justice specially assigned to the Superior Court.

arson, 3.5-7 years' incarceration for risking a catastrophe, 1-2 years' incarceration for abusing a corpse, and 2.5-5 years' incarceration for possession of an instrument of crime. Appellant filed a timely direct appeal. This Court affirmed his judgment of sentence, and our Supreme Court declined further review on June 25, 2018. *Commonwealth v. Smith*, 181 A.3d 1271 (Pa. Super. 2017) (unpublished memorandum), *allocatur denied*, 187 A.3d 914 (Pa. 2018).

On December 12, 2017, while this Court's decision on direct appeal was pending, Appellant prematurely filed a *pro se* PCRA petition, which the PCRA court stayed pending the outcome of his appeal. On September 7, 2018, following the resolution of his direct appeal, Appellant's first PCRA petition was reinstated, and the lower court appointed PCRA counsel. Subsequently, as recounted by the Commonwealth:

> On January 18, 2019, [PCRA] counsel filed a "no merit" [*Turner*/*Finley*[1]] letter…, along with a motion to withdraw as counsel. The PCRA court filed notice of its intent to dismiss [Appellant]'s petition pursuant to Pa.R.Crim.P. 907. After no response was filed, the PCRA court dismissed the petition and granted counsel's withdrawal motion on February 22, 2019. No appeal followed.
>
> On December 3, 2019, [Appellant] filed a *pro se* second PCRA petition, that is the subject of this appeal, in which he claimed to have filed a responsive motion to PCRA counsel's [*Turner*/]*Finley* letter and a notice of appeal from the dismissal of his first PCRA petition that the PCRA court and the clerk of

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

courts supposedly never acknowledged or accepted for filing. Second PCRA Petition, 12/3/19, [at] 1-2. He also claimed that a Pennsylvania Department of Corrections policy prevented him from developing "a complete and supported" PCRA filing and prevented him from assisting his prior counsel "with an attachment of" his psychiatric records. *Id.* at 3. With respect to those claims, he asserted the governmental interference exception to the PCRA's timeliness provision. *Id.* With respect to the documents that he claimed were never accepted for filing, he attached to his petition a "Motion to Deny Withdrawal of Counsel," with a proof of service dated February 14, 2019, and a notice of appeal and a [Pa.R.A.P. 1925(b) concise] statement of matters complained of on appeal, with a proof of service dated March 20, 2019. *Id.* at Exhibits A-C.

On June 30, 2020, [Appellant] filed a request for discovery and an amended PCRA petition reiterating his assertion that the clerk of courts had never docketed a response to his former counsel's [*Turner*/]*Finley* letter and a notice of appeal, and requesting reinstatement of his right to appeal from the dismissal of his first PCRA petition. Amended Second PCRA Petition, 6/30/20, [at] 1-2.

The PCRA court filed notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. The court found that [Appellant's] substantive claims of ineffective assistance and after-discovered evidence did not satisfy any applicable exception to the PCRA's timeliness provision. Rule 907 Notice, 4/30/21. The notice did not address [Appellant]'s assertion about the clerk of courts supposedly not accepting his *pro se* PCRA filings concerning the dismissal of his first PCRA petition. After no response was filed, the PCRA court dismissed the petition on June 17, 2021.

Commonwealth's Brief at 4-5 (citations reformatted; footnote omitted).

Appellant filed a timely notice of appeal from the dismissal of his second PCRA petition, and the PCRA court did not order him to file a statement pursuant to Rule 1925(b). The PCRA court issued its Rule 1925(a) opinion on August 16, 2021. Appellant now presents the following questions for our review:

I. Did the PCRA petition properly demonstrate governmental interference?

II. Did the PCRA court err in treating the after-discovered evidence as if they were after-discovered facts?

Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, as stated *supra*, our Supreme Court denied Appellant's petition for allowance of appeal from our decision affirming his judgment of sentence on June 25, 2018. Appellant did not seek further review and, thus, his judgment of sentence became final ninety days later, on September 23, 2018, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. Consequently, Appellant's present PCRA petition, his second, filed in December of 2019, is facially untimely and, for this Court to have jurisdiction to review the merits thereof, he must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

In his first claim, Appellant asserts that the untimeliness of the claims in his second PCRA petition was excused by the applicability of the government interference exception, arguing that his attempt to appeal from the order dismissing his first PCRA petition was thwarted by the clerk of courts. The second petition contains numerous claims regarding the alleged ineffectiveness of both trial and PCRA counsel. **See** PCRA Court Opinion

("PCO"), 8/16/21, at 2 n.1 (summarizing these various claims). Most of these claims were raised in Appellant's first PCRA petition. The PCRA court dismissed these claims as being untimely under the PCRA, with scant analysis, and without having conducted an evidentiary hearing, relying generally on the principles that ineffectiveness claims are subject to the PCRA court's time limits without exception, and that the government interference exception cannot be satisfied by a claim that prior counsel hindered the timely filing of a PCRA petition. *Id.* at 2.

However, Appellant argues that:

Although the PCRA court claimed Appellant was somehow asserting that PCRA counsel was a government official, the records belies that contention. Neither the original PCRA Petition [n]or the Amended petition made such a claim. Appellant has consistently made clear that the "clerk failed to docket the Notice of Appeal," [and] never has Appellant claimed PCRA counsel was at fault. To hold otherwise is simply inaccurate.

Appellant's Brief at 9.

As the Commonwealth dutifully concedes,

the PCRA court does not appear to have made any determination as to whether or not [Appellant] had tried to file a notice of appeal from the dismissal of his first PCRA petition and was somehow thwarted from completing the filing of that notice due to governmental interference. No such ruling can be gleaned from the court's Rule 907 dismissal notice or its opinion. [Appellant] does not appear to have waived the claim by not clearly identifying it in a statement pursuant to Pa.R.A.P. 1925(b), because the PCRA court never ordered [him] to file a Rule 1925(b) statement. Nor can the Commonwealth conclude that the claim was waived for lack of preservation because it was included in [Appellant]'s petition[. *See*] Second PCRA Petition, 12/3/19, [at] 1-2[].

Commonwealth's Brief at 7-8. Thus, the Commonwealth concludes that, "[g]iven the lack of any input … from the PCRA court, there is no determination for this Court or the Commonwealth to evaluate" regarding Appellant's government interference claim, and "the Commonwealth does not oppose a remand for the purpose of allowing the PCRA court to issue a ruling" on Appellant's claim that his attempt to file a notice of appeal from the denial of his first PCRA petition was the product of government interference. *Id.* at 8.

As further noted by the Commonwealth, Appellant attached to his second PCRA petition evidence that he attempted to appeal from the dismissal of his first, timely PCRA petition, in which these various ineffectiveness claims were raised. Furthermore, most of the claims Appellant attempts to raise in his second petition were initially raised in his first petition, but were not thoroughly litigated due to his ostensible failure to respond to the court's Rule 907 that accepted PCRA counsel's *Turner*/*Finley* letter, and/or due to his failure to perfect an appeal from the order dismissing his first petition. Because the PCRA court failed to conduct a hearing to address the applicability of this exception based on the facts alleged in Appellant's second petition, we agree with the Commonwealth that

we must remand this matter for the PCRA court to conduct an evidentiary hearing to address this government interference claim in the first instance.[2]

In his next claim, Appellant asserts that the PCRA court erred by addressing his after-discovered evidence issues[3] as alleging a timeliness exception under 42 Pa.C.S. § 9545(b)(1)(ii), instead of considering those claims pursuant to 42 Pa.C.S. § 9543(a)(2)(vi) (providing for relief under the PCRA due to the "unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced"). Appellant stresses that, as with his ineffectiveness claims discussed above, his after-discovered evidence claims in his current petition were the same as those raised initially in his first PCRA petition. As such, Appellant asserts that he was relying on

_____

[2] This Court has explained that, "[w]hen reviewing the denial of a PCRA petition without an evidentiary hearing, we 'determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing.'" ***Commonwealth v. Hart***, 199 A.3d 475, 481 (Pa. Super. 2018) (quoting ***Commonwealth v. Burton***, 121 A.3d 1063, 1067 (Pa. Super. 2015)). "[W]hen there are no disputed factual issues, an evidentiary hearing is not required...." ***Id.*** (quoting ***Commonwealth v. Morris***, 684 A.2d 1027, 1042 (Pa. 1996)). Here, Appellant's government interference claim necessitates an evidentiary hearing, as Appellant proffered evidence in his current PCRA petition that he attempted to appeal from the denial of his first PCRA petition.

[3] Appellant contends that new evidence has emerged 1) that "his trial counsel was convicted of money laundering[,]" and 2) that "another person had confessed to the murder of which he was convicted." Appellant's Brief at 11. In support of these assertions, Appellant proffered two newspaper articles originally published in 2017.

the government interference exception pursuant to Section 9545(b)(1)(i), not the newly-discovered evidence exception set forth in Section 9545(b)(1)(ii), to excuse the facial untimeliness of his second PCRA petition with respect to these claims.

The record confirms Appellant's assertion that he first tried to raise these claims during the litigation of his first, *pro se* PCRA petition. **See** Appellant's First *Pro Se* PCRA Petition, 12/12/17, at 3-4. Thus, if the government interference exception does not apply to these claims in the context of the current petition, Appellant necessarily waived them for purposes of the current petition due to his failure to seek appellate review from the denial of his first PCRA petition wherein he raised identical claims. **See** 42 Pa.C.S. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."). However, Appellant argues that his failure to fully litigate these claims during his first PCRA petition was due to interference with his attempt to appeal from the denial of his first PCRA petition, as discussed above. Accordingly, we agree with Appellant that the PCRA court should have addressed the timeliness of these after-discovered evidence claims under the government interference exception set forth in Section 9545(b)(1)(i), not the newly-discovered evidence exception set forth in Section 9545(b)(1)(ii).

Nevertheless, the PCRA court provided an alternative analysis with respect to these after-discovered evidence claims, which the court did not do with respect to Appellant's ineffectiveness claims. As such, we deem the record is sufficiently developed for us to address them.

The PCRA court reasoned that,

[e]ven assuming that the amended petition was filed within one year of [Appellant]'s discovering these articles, his claims would nevertheless fail. Both allegations rely on newspaper articles which do not articulate any basis for relief, nor demonstrate how this information would be exculpatory. The allegations regarding [Appellant]'s trial counsel are that he was convicted of conspiring with his clients in money laundering and similar activities. This fact does not provide a basis, nor does [Appellant] allege, that counsel committed any wrong-doing in [Appellant]'s case.

This assertion is therefore not sufficient to substantiate [Appellant]'s claim, nor demonstrate how counsel's personal legal jeopardy impacted the legal representation [Appellant] received.

PCO at 3-4.

We agree with the PCRA court and conclude that Appellant is not entitled to relief on this claim, as he failed to plead facts sufficient demonstrate that the after-discovered evidence pertaining to his trial counsel's legal troubles had any nexus with his representation of Appellant in this case. In reaching this conclusion, we find persuasive the Commonwealth's citation of **Commonwealth v. King**, 241 A.3d 396 (Pa.

Super. 2020) (unpublished memorandum).[4]  That case involved a similar claim concerning the very same attorney's legal troubles, where King argued the attorney was ineffective due to being "pre-occupied with extra-curricular criminal activities," which ostensibly led him to file a frivolous direct appeal on King's behalf.  *Commonwealth v. King*, 1772/1773 EDA 2019, unpublished memorandum at 4 (Pa. Super. filed Oct. 8, 2020).  This Court rejected that claim, reasoning that the attorney's "criminal activities were completely removed from" King's case, and that King failed to "explain how [counsel's] unrelated criminal activities could have caused [him] to file a frivolous direct appeal…."  *Id.* at 8.  Similarly, here, Appellant fails to demonstrate how his trial attorney's illegal conduct impacted his representation of Appellant in this case.[5]  Accordingly, no relief is due on this claim, even assuming Appellant could overcome the PCRA's timeliness requirements.

Next, Appellant asserts that he obtained after-discovered evidence that someone else admitted to committing the crime for which he was

---

[4] *See* Pa.R.A.P. 126(b) (stating that non-precedential decisions of this Court, filed after May 1, 2019, may be cited for their persuasive value).

[5] Appellant's bald assertion and cursory argument, without any supporting caselaw, that counsel had represented him "while donning the cloak of criminality," is no different from King's bald assertion that the same attorney was preoccupied with his criminal activity.  Appellant's Brief at 12.  In both cases, the petitioners failed to show a nexus between the attorney's illegal conduct and the attorney's own cases.

convicted. Appellant argues that it "is difficult to imagine evidence more exculpatory[.]" Appellant's Brief at 12.

The PCRA court dismissed this claim, *inter alia*, because the article proffered by Appellant did not substantiate it. We first note that the evidence of Appellant's guilt was extremely strong. At trial, the Commonwealth proved that, while working as an exterminator at the victim's home, Appellant strangled the victim to death and then set fire to her body. *See Commonwealth v. Smith*, 2994 EDA 2015, unpublished memorandum at 1-2 (Pa. Super. filed Dec. 27, 2017). Corroborating video evidence showed Appellant entering and leaving the victim's home near the time of the murder, and other evidence showed that he had an appointment with the victim that day. *Id.* at 2-3. When first approached by police, and before the officers said anything to him, "Appellant blurted out[,] 'she was alive when I left her[.]'" *Id.* at 3. Subsequently, Appellant confessed to killing the victim. *Id.* at 4. Additionally, "[d]uring recorded phone conversations from prison, Appellant joked with his girlfriend about pretending to be intellectually impaired so that the jury would question the validity of his confession to police." *Id.* at 4-5.

The 2017 news article proffered by Appellant concerned admissions made by Cosmo DiNardo, who had previously confessed to committing four murders in Bucks County. In the article, DiNardo also purportedly claimed to have killed two people in Philadelphia. An investigator stated that, with respect to the alleged Philadelphia killings, all the police had to go on was a

nickname in one case, and the claim that DiNardo had killed a woman in a basement in the other. No other details were provided in the article.

The PCRA court rejected Appellant's claim that this article contained exculpatory evidence, finding that the article lacked "any reference to times, dates, locations[,] or other details of this incident[,]" that could establish a relationship to Appellant's case and, therefore, that Appellant's "argument … that this alleged confession has the 'hallmarks' of the crime for which [he] was convicted" was unsubstantiated. PCO at 4. The court concluded that Appellant "fail[ed] to demonstrate any nexus whatsoever to his case, and his reliance on this article f[ell] woefully short of the standard of proof needed to substantiate any evidence which could be demonstrated to be exculpatory." *Id.*

We agree with the PCRA court. Even if Appellant could satisfy the PCRA's timeliness requirements with respect to this claim, he would not be entitled to relief. Appellant has again failed to establish any nexus between the new evidence and the crime for which he was convicted.[6]

---

[6] In his brief, Appellant asserted in quotation marks, but without citation, that DiNardo had stated that Appellant "did not commit these crimes, I did." Appellant's Brief at 12. No such statement is contained in the article cited by Appellant, nor could we find any other evidence in the record supporting this assertion. Furthermore, it is beyond absurd to infer such a statement from the mere fact that DiNardo claimed to have killed a woman in a basement in Philadelphia, absent any more details to establish a nexus to Appellant's case.

In sum, with respect to Appellant's after-discovered evidence claims discussed above, we affirm the PCRA court's order denying Appellant's second PCRA petition. With respect to all other claims raised therein, we vacate that portion of the order, and remand for an evidentiary hearing to consider Appellant's claim that his attempt to appeal from the denial of his first PCRA petition was thwarted by governmental interference.

Order **affirmed** in part, **vacated** in part. Case **remanded**. Jurisdiction **relinquished**.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *3/7/2022*